UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FRANCES PERGOLA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO: |
| THE GAP, INC., | ) ) ) | |
| Defendant. | ) ) | |

## NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

Pursuant to 28 U.S.C. § 1446(a), the defendant, The Gap, Inc., hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(a) and states the following grounds for removal:

1. On December 22, 2009, the plaintiff filed an action, styled and captioned as above and assigned Civil Action No. SUCV2009-5433-F, along with a Civil Action Cover Sheet, for negligence against the defendant in Suffolk County Superior Court.

2. The plaintiff served the Summons and Complaint upon the defendant on or about March 1, 2010.

3. The Summons, Complaint, and Civil Action Cover Sheet constitute all process, pleadings, and orders served on the defendant to date in this action. Copies of the Summons and Complaint as Exhibits A and B.

4. Having been filed within 30 days of service of the Summons and Complaint upon the defendant, this Notice of Removal to the United States District Court has been filed in a

timely manner pursuant to the provisions of 28 U.S.C. § 1446(b).  See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325 (1999).

5. The defendant will promptly provide written notice, as required by 28 U.S.C. § 1446(d), to the adverse party and clerk of the state court in which this case was initially filed.

6. Jurisdiction exists over this removed action, pursuant to 28 U.S.C. § 1441, because this action could originally have been filed in this Court, pursuant to 28 U.S.C. § 1332(a)(1), on the basis that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000:

   a. The defendant, The Gap, Inc., is a Delaware corporation with its principal place of business in San Bruno, California.

   b. Based on the Complaint, the plaintiff is an individual residing in Boston, Suffolk County, Massachusetts.

   c. The plaintiff's Civil Action Cover Sheet, which was filed with plaintiff's Complaint in the Suffolk County Superior Court on December 22, 2009, states that the plaintiff's medical expenses are $18,340.33, reasonably anticipated future medical expenses total $10,000.00, and reasonably anticipated lost wages total $15,000.00.  A copy of the plaintiff's Civil Action Cover Sheet is attached as Exhibit C.

   d. However, the plaintiff's counsel submitted a demand of $225,000.00 on February 17, 2010 after filing the Complaint and Civil Action Cover Sheet.  The demand alleged that the plaintiff's "injury has been severe, resulting [in] permanent nerve damage manifested by complex regional pain syndrome."  She was 34 years-old at the time of the injury and "it has made her pregnancy difficult."  He further

- 3 -

alleged that the plaintiff "incurred a 25% impairment in the right lower extremity and that this loss of function is permanent." (Plaintiff's demand of $225,000.00 is attached as Exhibit D).

7. Pursuant to 28 U.S.C. §§ 101 and 1441(a), the United States District Court for the District of Massachusetts is the proper forum for removal of the state court action which was commenced in Suffolk County Superior Court.

WHEREFORE, the defendant requests that the action pending in Suffolk County be removed therefrom to this Court and proceed as an action properly so removed.

>   Respectfully submitted,
>
>   The defendant,
>   By its Attorneys
>
>   */s/ Roy W. Bjorlin*
>   Sean J. Milano, BBO #551996
>   Roy W. Bjorlin, BBO #666704
>   Morrison Mahoney LLP
>   250 Summer Street
>   Boston, MA  02210
>   Tel. (617) 439-7500

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants this 19th day of March, 2010. I further certify that a true and correct copy of the foregoing document was served by mail upon the following attorney of record on March 19, 2010:

Frank Federico, Jr.
The Sheff Law Offices, P.C.
Ten Tremont Street
Boston, MA 02108

>   */s/ Roy W. Bjorlin*
>   Roy W. Bjorlin, Esquire